SCOTT C. CLARKSON, ESQ.  SBN 143271
EVE A. MARSELLA, ESQ.  SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for Johnny Lee Burnett and Grover Burnett, Jr.,
as Co-Conservators of the Conservatorship of Grover
Burnett, Sr.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.  2:08-bk-25932-PC |
| Marcus J. Sampson II, | Chapter 7 |
| Debtor | Adv. No. _:10-ap-_____-PC |
| JOHNNY LEE BURNETT and GROVER BURNETT, JR., as Co-Conservators of the Conservatorship of Grover Burnett, Sr., <br><br> Plaintiffs, <br> vs. <br><br> JOHN P. PRINGLE, the Chapter 7 trustee of Marcus J. Sampson II; THOMAS C. SAMPSON, an individual; DONNA R. DANIELS, an individual; P.J. BOWMAN, an individual; IDELIA G. RAMOS, an individual; DAYSI VERA, an individual; CECILIO RODARTE, an individual;  DATA MORTGAGE INC; U.S. BANCORP as successor to DOWNEY SAVINGS & LOAN ASSOCIATION FA; WORLD SAVINGS BANK FSB; BURNETT REALTY INC; AURORA LOAN SERVICES INC; HOME LOAN MORTGAGE CORPORATION; SUPERIOR IMPROVEMENT SYSTEMS, INC.; SOUTHWEST ESCROW CORPORATION; WELLS FARGO BANK, N.A.; CITIMORTGAGE INC., <br><br> Defendants. | **COMPLAINT FOR:** <br><br> **(1) QUIETING TITLE TO REAL PROPERTIES;** <br> **(2) FRAUD AND UNDUE INFLUENCE;** <br> **(3) VIOLATIONS OF CALIFORNIA ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT** |

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1   Plaintiffs Johnny Lee Burnett and Grover Burnett, Jr., as Co-Conservators of the

2   Conservatorship (the "Conservatorship") of Grover Burnett, Sr. ("Plaintiffs"), allege in their

3   complaint ("Complaint") against defendant JOHN P. PRINGLE ("Defendant" or the "Trustee"),

4   as the Chapter 7 trustee in the above-referenced bankruptcy case of Marcus J. Sampson II (the

5   "Debtor"); THOMAS C. SAMPSON, an individual; DONNA R. DANIELS, an individual; P.J.

6   BOWMAN, an individual; IDELIA G. RAMOS, an individual; DAYSI VERA, an individual;

7   CECILIO RODARTE, an individual; DATA MORTGAGE INC; DOWNEY SAVINGS & LOAN

8   ASSOCIATION FA; WORLD SAVINGS BANK FSB; BURNETT REALTY INC; AURORA

9   LOAN SERVICES INC; HOME LOAN MORTGAGE CORPORATION; SUPERIOR

10  IMPROVEMENT SYSTEMS, INC.; SOUTHWEST ESCROW CORPORATION; WELLS

11  FARGO BANK, N.A.; CITIMORTGAGE INC. (together, "Defendants") as follows:

12  **<u>JURISDICTION, VENUE AND PARTIES</u>**

13  1.   The Complaint initiates an adversary proceeding as contemplated by Rule 7001(1)

14  of the Federal Rules of Bankruptcy Procedure.  All of the Claims for Relief in the Complaint are

15  either core proceedings as that term is defined in, without limitation, 28 U.S.C. §§ 157(b)(2)(A),

16  (B), (C), (E), and (O) or are proceedings arising under title 11 or arising in or related to a case

17  under title 11, as set forth in 28 U.S.C. §157(b)(1) and (b)(4).

18  2.   Pursuant to 28 U.S.C. §§ 1334(b), 157(a), General Order No. 266 entered by the

19  United States District Court for the Central District of California on October 9, 1984, and 28

20  U.S.C. § 157(b)(1), the above entitled court (the "Court") has jurisdiction over this adversary

21  proceeding.

22  3.   On September 26, 2008, the Debtor filed a voluntary petition for relief under

23  Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States

24  Bankruptcy Court for the Central District of California, Los Angeles Division, styled *In re Marcus*

25  *J. Sampson II*, Bankruptcy Case No. 2:08-bk-25932-PC (the "Case").

26  4.   Pursuant to 28 U.S.C. §1409(a), venue for the prosecution of this adversary

27  proceeding is proper in the Central District of California by virtue of the Debtor's pending Chapter

28  7 Case.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

5.     Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of Debtor/Defendant MARCUS J. SAMPSON II, filed on September 26, 2008 and presently pending before this court. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

6.     Plaintiff GROVER BURNETT JR. is the court-appointed Conservator of the Person and is Co-conservator of the estate of GROVER BURNETT SR. ("Conservatee") pursuant to an order of the Probate Department of the Los Angeles Superior Court issued on August 28, 2006 in the Matter of the Conservatorship of Grover Burnett, Sr., Los Angeles Superior Court case no. BP 096574 ("Conservatorship Order"), which among other things grants him power and authority to commence and defend litigation on behalf of the Conservatorship and the Conservatee's estate ("Conservatee's Estate").

7.     Plaintiff JOHNNIE LEE BURNETT is the court-appointed Co-conservator of the estate of Conservatee pursuant to the Conservatorship Order, which among other things grants him power and authority to commence and defend litigation on behalf of the Conservatorship and Conservatee's Estate.

8.     As Co-conservators of the Conservatee's Estate, which is the equitable and beneficial owner of the subject properties, Grover Burnett Jr. and Johnnie Lee Burnett have standing to bring this suit on the behalf of the Conservatorship and Conservatee, who is a creditor and claims beneficial and equitable interests in real property purported to be a part of the bankruptcy estate of the Debtor (the "Debtor's estate").

9.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, JOHN P. PRINGLE (the "Trustee") was assigned as the Chapter 7 trustee in the Case of the Debtor.

10.     Plaintiffs are informed and believe, and on that basis allege, that THOMAS C. SAMPSON is an individual, who resides in Los Angeles County, California.

11.     Plaintiffs are informed and believe, and on that basis allege, that DONNA R. DANIELS is an individual, who resides in Los Angeles County, California.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    12.    Plaintiffs are informed and believe, and on that basis allege, that P.J. BOWMAN is

2  an individual, who resides in Los Angeles County, California.

3    13.    Plaintiffs are informed and believe, and on that basis allege, that IDELIA G.

4  RAMOS is an individual, who resides in Los Angeles County, California.

5    14.    Plaintiffs are informed and believe, and on that basis allege, that DAYSI VERA is

6  an individual, who resides in Los Angeles County, California.

7    15.    Plaintiffs are informed and believe, and on that basis allege, that CECILIO

8  RODARTE is an individual, who resides in Los Angeles County, California.

9    16.    Plaintiffs are informed and believe, and on that basis allege, that DATA

10  MORTGAGE INC is a corporation organized and existing under the laws of the State of

11  California, having a principal place of business in Orange, California.

12    17.    Plaintiffs are informed and believe, and on that basis allege, that DOWNEY

13  SAVINGS & LOAN ASSOCIATION FA is a corporation organized and existing under the laws

14  of the State of California, having a principal place of business in Newport Beach, California, and

15  U.S. Bancorp is the acquirer of Downey Savings & Loan Association FA.

16    18.    Plaintiffs are informed and believe, and on that basis allege, that WELLS FARGO

17  BANK, NA, as successor by merger to WORLD SAVINGS BANK FSB, is a corporation

18  organized and existing under the laws of the United States, having a principal place of business in

19  Sioux Falls, South Dakota.

20    19.    Plaintiffs are informed and believe, and on that basis allege, that BURNETT

21  REALTY INC is a corporation organized and existing under the laws of the State of California,

22  having a principal place of business in Los Angeles, California.  Conservatee owns Burnett Realty

23  Inc.

24    20.    Plaintiffs are informed and believe, and on that basis allege, that AURORA LOAN

25  SERVICES INC is a corporation organized and existing under the laws of the State of Delaware,

26  having a principal place of business in Littleton, Colorado.

27    21.    Plaintiffs are informed and believe, and on that basis allege, that HOME LOAN

28  MORTGAGE CORPORATION is a corporation organized and existing under the laws of the

1  State of California, having a principal place of business in Hesperia, California, and Impac

2  Mortgage Holdings, Inc. is the successor to Home Loan Mortgage Corporation.

3      22.    Plaintiffs are informed and believe, and on that basis allege, that CITIMORTGAGE

4  INC is a corporation organized and existing under the laws of the State of New York, having a

5  principal place of business in Tampa, Florida.

6      23.    Plaintiffs are informed and believe, and on that basis allege, that SUPERIOR

7  IMPROVEMENT SYSTEMS, INC. ("Superior Improvement") is a corporation organized and

8  existing under the laws of the State of California, having a principal place of business in Los

9  Angeles, California.  The Debtor has represented in his Schedules that he is the sole owner of

10  Superior Improvement, and on information and belief, Superior Improvement is the purported

11  owner of record of some of the real properties at issue in this case.

12      24.    Plaintiffs are informed and believe, and on that basis allege, that SOUTHWEST

13  ESCROW CORPORATION is a corporation organized and existing under the laws of the State of

14  California, having a principal place of business in Inglewood, California.

15      25.    Plaintiffs are informed and believe, and on that basis allege, that WELLS FARGO

16  BANK, N.A. is a national association organized and existing under the laws of the United States,

17  having a principal place of business in Sioux Falls, South Dakota.

18  **GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

19      26.    Plaintiffs are informed and believe, and on that basis allege, that at all times

20  mentioned herein, the Debtor was and is an individual residing in the County of Los Angeles, in

21  the State of California.

22      27.    At all times since the appointment of the Trustee, the Trustee has been and is the

23  representative of the Debtor and the Debtor's estate.

24      28.    GROVER BURNETT SR. (the "Conservatee") is an individual, who is

25  approximately 73 years old, and is the equitable and beneficial owner of the real properties, which

26  are described in detail in this Complaint.  Conservatee was found to lack capacity and was placed

27  under temporary conservatorship on March 4, 2006.

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    29.    Plaintiffs seek by this Complaint to conclusively establish ownership and quiet title

2    of the real properties described herein in the Conservatee's Estate as against the Defendants,

3    including the Trustee as representative of the Debtor, the Debtor's estate, and all persons unknown

4    claiming any legal or equitable right, title, estate, lien, or interest in such real property.

5    30.    On information and belief, Conservatee is the victim of fraudulent acts by the

6    Debtor and Superior Improvement, Thomas C. Sampson, Glen Baker, Donna R. Daniels, Chris

7    Nwadiwe, P.J. Bowman, and Southwest Escrow Company (together, the "Participants"), whereby

8    the Debtor and the Participants fraudulently obtained or caused others to obtain purported title to

9    the real properties that are at issue in this proceeding and in turn conveyed or caused to be

10    conveyed purported title, mortgages and/or other liens in such properties to other persons or

11    entities.

12    31.    Plaintiffs bring this action on behalf of the Conservatorship and the Conservatee to

13    quiet title in the real properties at issue in this proceeding, to obtain an order directing the title

14    holders of such properties to convey such properties to Conservatee's Estate, to obtain declaratory

15    relief with a determination that these real properties are not "property" of the Debtor's estate, and

16    to obtain judgments against certain of the Defendants for their unlawful actions, which the

17    Plaintiffs believe resulted in certain of the Defendants obtaining purported claims or interests in

18    these properties.

19    32.    Plaintiffs reserve the right to pursue any and all claims with respect to these real

20    properties against all others, who have recorded documents or otherwise caused, or participated in

21    causing, a cloud to be placed on the Conservatee's title to these real properties by their

22    participation in any purported transfer or conveyance of title or any other interest in any of these

23    properties.

24    33.    California Probate Code ("Probate Code") Section 2642 gives Plaintiffs authority

25    to institute this action.  Probate Code Sections 850(a)(1)(D), 856 and 859 establish grounds for

26    this Complaint.  Probate Code Section 850(a)(1)(D) provides that a conservator may file a petition

27    requesting that the court make an order under part 19 of the Probate Code where the "conservatee

28    has a claim to real or personal property title to or possession of which is held by another."  Probate

1    Code Section 856 provides, "if the court is satisfied that a conveyance, transfer, or other order

2    should be made, the court shall make an order authorizing and directing the personal

3    representative or other fiduciary, or the person having title to or possession of the property, to

4    execute a conveyance or transfer to the person entitled thereto, or granting other appropriate

5    relief."  Probate Code Section 859 provides that if "a court finds that a person has in bad faith

6    wrongfully taken, concealed, or disposed of property belonging to the estate of a . . . conservatee .

7    . ., the person shall be liable for twice the value of the property recovered by an action under this

8    part."

9         34.     The real properties that are at issue in this adversary proceeding are:

10         i.     Real property located at 1408 West 62nd Street, Los Angeles, CA 90003,

11    more particularly described as follows: TRACT # 5687 Lots 117 in the office of the

12    County Recorder of said County.  Assessor's Parcel Number 6002-026-025 (1408 West

13    62nd Street property);

14         ii.     Real property located at 9051 (aka 9049) South Normandie, Los Angeles,

15    CA 90044, more particularly described as follows: TRACT NO 6440 EX OF STS LOT

16    181 in the office of the County Recorder of said County.  Assessor's Parcel Number 6037-

17    021-013 (9051 South Normandie property);

18         iii.     Real property located at 3910 Walton Ave, Los Angeles, CA 90037, more

19    particularly described as follows: REMICK PLACE LOT 3 in the office of the County

20    Recorder of said County.  Assessor's Parcel Number 5037-020-021 (3910 Walton Ave.

21    property);

22         iv.     Real property located at 426 East 84th Place, Los Angeles, CA 90003, more

23    particularly described as follows: Tract No 26, Lot 41, Block 10 in the office of the County

24    Recorder of said County.  Assessor's Parcel Number 6030-027-023 (426 East 84th Place

25    property);

26         v.     Real property located at 1214 East 99th Street. Los Angeles, CA 90002,

27    more particularly described as follows: Lot 173 and 174 of York Tract, in the City of Los

28    Angeles, County of Los Angeles, State of California, as per map recorded in Book 8,

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

Page(s) 75 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-021-014 (1214 East 99th Street property);

vi.    Real property located at 9330 Parmelee Avenue, Los Angeles, CA 90002, more particularly described as follows: Lot 18 of Block "C", Tract 5671, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 66 Page(s) 84 and 85 of maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-008-026 (9330 Parmelee Ave. property);

vii.    Real property located at 1414 West 54h Street, Los Angeles, CA 90062, more particularly described as follows: The East 32 Feet of Lot 4 in Block "E" of Western Avenue Park Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 11, Page 72 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 5003-0 17-003 (1414 West 54th Street property).

viii.    158 W. 81st St. Los Angeles, CA, more particularly described as follows: Ingham's Main St And Moneta Ave Tract W 50 Ft of N 133.33 Ft of Lot Blk 2. Assessor's Parcel Number 6031-030-023 (158 W. 81st St. property); and

ix.    Real property located at 6706 6th Avenue, Los Angeles, California 90043, more particularly described as follows: Lot 2 in Block 3 of Tract No. 5452 in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 60 Page(s) 74 of Maps filed in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 4008-013-002 (6706 6th Ave. property)

(collectively, such real properties are the "Properties" herein).

35.    A petition to establish Conservatee's ownership of some of the Properties (and certain other real properties) pursuant to California Probate Code §850 in Los Angeles Superior Court Case No. BP098574 (the "Non-Bankruptcy Action") was previously filed against the Debtor and some of the Defendants (other than the Trustee). The Non-Bankruptcy Action was stayed by the filing of the Case.

36.    Plaintiffs previously filed the *Motion for Relief from Automatic Stay by Johnny Lee Burnett and Grover Burnett, Jr., as Co-Conservators of the Conservatorship of Grover Burnett,*

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  *Sr.* [Docket No. 64] (the "MRAS") in the Case seeking relief from the automatic stay with respect

2  to the Properties (and certain other real properties) to allow the Non-Bankruptcy Action to

3  proceed.

4       37.     On July 30, 2010, the Debtor filed the *Memorandum of Points and Authorities in*

5  *Support of Opposition to Motion for Relief from Stay by Johnny Lee Burnett and Grover Burnett,*

6  *Jr.* [Docket No. 68] (the "Debtor's Opposition").  No other opposition or response to the MRAS

7  was filed.  In particular, the Trustee did not oppose the MRAS.

8       38.     The Court granted in part and denied in part the MRAS and concluded:

9       The Debtor's Opposition has clarified that, of the 13 real properties
subject to the Motion, only one property identified in the Motion is alleged to be
10  property of the estate.  Having considered the Motion and the Opposition, and the
representations made on the record by the Counsels, the Court hereby denies the
11  Motion only insofar as the state court litigation affects property of the estate.  The
Conservatorship may proceed with the Non-Bankruptcy Action insofar as it does
12  not affect property of the estate.  With respect to the real property which is
property of the estate, the Conservatorship must file an adversary action within
13  this Court to address title issues.

14  *Order Granting in Part and Denying in Part Motion for Relief from Automatic Stay by Johnny Lee*

15  *Burnett and Grover Burnett, Jr., as Co-Conservators of the Conservatorship of Grover*

16  *Burnett, Sr.* [Case No. 2:08-bk-25932-PC, Docket No. 72] (the "Order on the MRAS") at p. 2,

17  lines 8 – 15.  A true and correct copy of the Order on the MRAS is attached hereto as **Exhibit**

18  **"A."**

19       39.     The Plaintiffs are filing this Complaint pursuant to the Order on the MRAS.

20       40.     On information and belief, the Debtor now contends that only one real property,

21  which is listed in the Schedules, is "property" of the Debtor's estate.  However, the Debtor

22  previously listed five of the Properties as real property of the Debtor in his Schedules, and the

23  Debtor is on the chain of title for the other Properties.  Because of the Debtor's inconsistent

24  statements regarding the Properties and his apparent involvement with all of them, out of an

25  abundance of caution the Plaintiffs have included in this Complaint the Properties, which were

26  transferred from Conservatee directly or indirectly to the Debtor or the Debtor's corporation.

27

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

41.    The Debtor is not the record owner of and does not currently hold title to any of the

Properties.  The following table lists the Properties and the person(s) and/or entity(ies) that the

Plaintiffs are informed and believe are the purported owners of record of each Property:

| | Property Address | Listed in Debtor's Ch 7 Schedules? | Listed in Debtor's Ch 13 Schedules? | Current "Owner" Listed on Title Report |
|---|---|---|---|---|
| 1 | 1408 West 62nd Street, Los Angeles, CA 90003 | Schedules | Ch 13 Schedules | SUPERIOR IMPROVEMENT SYSTEMS INC |
| 2 | 1214 East 99th Street, Los Angeles, CA 90002 | Schedules | Ch 13 Schedules | SUPERIOR IMPROVEMENT SYSTEMS INC |
| 3 | 9330 Parmalee Avenue, Los Angeles, CA 90002 | Schedules | Ch 13 Schedules | SUPERIOR IMPROVEMENT SYSTEMS INC |
| 4 | 1414 West 54th Street, Los Angeles, CA 90062 | Schedules | Ch 13 Schedules | SUPERIOR IMPROVEMENT SYSTEMS INC |
| 5 | 158 West 81st Street, Los Angeles, CA 90003 | Schedules | Ch 13 Schedules | VERA, DAYSI; RODARTE, CECILIO |
| 6 | 9051 South Normandie, Los Angeles, CA 90044 | no | no | SUPERIOR IMPROVEMENT SYSTEMS INC |
| 7 | 3910 Walton Ave, Los Angeles, CA 90037 | no | no | SUPERIOR IMPROVEMENT SYSTEMS INC AND DANIELS, DONNA R |
| 8 | 426 East 84th Place, Los Angeles, CA 90003 | no | no | SUPERIOR IMPROVEMENT SYSTEMS INC AND DANIELS, DONNA R |
| 9 | 6706 6th Avenue, Los Angeles, CA 90043 | no | no | RAMOS, IDALIA G |

42.    The basis of the title of Conservatee's Estate in the Properties is that prior to the

acts alleged in and within five years of the filing of the State Court Action, Conservatee or a

company, which was wholly owned by Conservatee, was seized and possessed, and was the sole

owner in fee simple, of each of the Properties and that, on information and belief, the Debtor

and/or the Participants falsely and fraudulently and/or by undue influence obtained from

Conservatee or his company a purported claim or interest in each of the Properties as alleged

herein.

43.    In addition to the adverse claims of the purported holders of title listed in the table

above, on information and belief, the other adverse claims to the Properties against which a

determination is sought are:

| | Property Address | Adverse interest | Holder of adverse interest |
|---|---|---|---|
| 1 | 1408 West 62nd Street, | lien | WELLS FARGO BANK, N.A. |

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

| | | | |
|---|---|---|---|
| | | | Los Angeles, CA 90003 | | |
| 2 | 1214 East 99th Street, Los Angeles, CA 90002 | liens | WORLD SAVINGS BANK FSB |
| 3 | 9330 Parmalee Avenue, Los Angeles, CA 90002 | lien | CITIMORTGAGE INC. |
| 4 | 1414 West 54th Street, Los Angeles, CA 90062 | lien | WELLS FARGO BANK, N.A. |
| 5 | 158 West 81st Street, Los Angeles, CA 90003 | lien | DATA MORTGAGE INC |
| 6 | 9051 South Normandie, Los Angeles, CA 90044 | lien | BURNETT REALTY INC |
| 7 | 3910 Walton Ave, Los Angeles, CA 90037 | lien | HOME LOAN MORTGAGE CORPORATION |
| 8 | 426 East 84th Place, Los Angeles, CA 90003 | lien | DOWNEY SAVINGS & LOAN ASSOCIATION FA |
| 9 | 6706 6th Avenue, Los Angeles, CA 90043 | lien | AURORA LOAN SERVICES INC |

44.     Prior to 2003, Conservatee was a successful professional real estate broker.  Prior to or in or about early 2003, Conservatee's health began to decline and his condition steadily worsened to the point that he was unable to care for himself.  Conservatee's continuous daily behavior exhibited signs of pronounced dementia, including without limitation memory loss and confusion that progressively worsened.

45.     In August 2004, Conservatee was diagnosed with Alzheimer's disease requiring 24 hour supervision and care.  Conservatee was prescribed dementia medication for the treatment of Alzheimer's disease.

46.     As a result of his Alzheimer's disease and dementia attendant thereto, Conservatee lacked the capacity to manage his property and affairs or to give informed consent with respect thereto.

47.     Prior to the onset of Conservatee's dementia resulting from his Alzheimer's disease, the Debtor had been a long time acquaintance of Conservatee and was employed by Conservatee in position of trust as a property manager with access to Conservatee's books, records, property and assets.  After the onset of Conservatee's Alzheimer's disease and dementia, Debtor continued to work for Conservatee on a day to day basis, he saw the effects of those conditions on Conservatee, and he realized that Conservatee lacked the capacity to manage his affairs and to give informed consent with respect to the transfer of Conservatee's property,

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

including the Properties.  On information and belief, as Conservatee's condition declined, the

Debtor arranged for other persons to "babysit" Conservatee because the Debtor knew that

Conservatee could not take care of himself, let alone manage his affairs or give informed consent,

as a result of his Alzheimer's disease and dementia.

48.    Subsequent to the onset of Conservatee's dementia and prior to commencement of

the Conservatorship, on information and belief, the Debtor gained control of Conservatee's

property, assets and finances without the consent of Conservatee.

49.    On information and belief, the Debtor was able to gain control of Conservatee's

property, assets and finances by pretending to assist Conservatee with his financial affairs, but in

actuality, the Debtor, in collusion with the Participants, was systematically and unlawfully

converting all or nearly all of Conservatee's assets and property, including without limitation the

Properties, for his own use and benefit and/or for the use and benefit of others, including some of

the Defendants.

50.    For all of the transactions in which the Debtor or a Participant received an interest

in the Properties from Conservatee, the Debtor and the Participants had a financial motive to

obtain Properties for less than their fair market value.

51.    For the transactions in which the Participants received interests in the Properties

from Conservatee, the Debtor's assistance with those transactions would have been against the

Debtor's economic interests absent an agreement between the Debtor and each of those

Participants.  Thus, the Debtor and the Participants possessed a strong common motive to conspire

to carry out the acts alleged herein in order to take the Properties from Conservatee.

52.    On information and belief, in furtherance of the scheme to defraud Conservatee and

convert Conservatee's assets and property for their own benefit and use, the Debtor and the

Participants caused the Properties to be transferred to the Debtor and certain of the Participants for

no or inadequate consideration.  Certain of the Properties were then re-sold a short time later at

substantial profit.  A description of the transactions by which the Properties were transferred to the

Debtor and certain of the Participants is in the "List of Real Estate Transactions" is attached hereto

as **Exhibit "B"** and incorporated herein by this reference.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

53.     As a direct and proximate result of the foregoing, the purported claims of an interest in the Properties by the Debtor, the Debtor's estate, the Participants and the other Defendants is unsupported by adequate or any consideration and materially fail and are insufficient to support said purported claims of interest in the Properties.  Also as a direct and proximate result, Conservatee has been and will continue to be damaged in an amount not as yet ascertained.

54.     At all relevant times, the Debtor and the Participants knew, should have known or with reasonable care would have known that Conservatee lacked the capacity to give informed consent with respect to the transfer of Conservatee's property, including the Properties, and took advantage of Conservatee's diminished capacity and inability to manage his property and affairs, or to give informed consent with respect thereto, as a result of his Alzheimer's disease and dementia attendant thereto, by systematically taking and converting Conservatee's property for their own benefit and use and the benefit and use of others.

55.     At all relevant times, the Debtor and Conservatee's nephew, Defendant Glen Baker ("Baker") acted as caretakers for Conservatee and had actual personal knowledge of Conservatee's diminished capacity as a result of his Alzheimer's disease and dementia attendant thereto prior to and at the time of the transfers of the Properties described herein.

56.     The Debtor's estate and certain of the Defendants claim, and each of them claims, an interest that is adverse to the interests of Conservatee in one or more of the Properties as a purported record owner, lien holder, assignee and/or successor of Conservatee, and the Debtor and the Participants fraudulently transferred or caused to be transferred such interests to the Debtor and others.

57.     On information and belief, the signatures on documents purporting to effectuate the conveyance of the Properties to the Debtor and others are the result of forgery and are not the actual signatures of Conservatee.   Many of said documents were notarized by Defendant P.J. Bowman, a notary public, who acted in collusion with the Debtor and the Participants.  Further, most if not all the transactions by which the Properties were purportedly transferred from Conservatee were escrowed by Southwest Escrow Corporation, an escrow company. On

1   information and belief, Defendants P.J. Bowman and Southwest Escrow Corporation had actual

2   knowledge of Conservatee's lack of capacity, and they acted in collusion with the Debtor and the

3   other Participants.

4      58.    Conservatee did not knowingly execute any documents with the intent to transfer

5   any interest in the Properties to the Debtor, the Participants or anyone else.

6      59.    Conservatee did not authorize the Debtor or anyone else to execute on his behalf

7   any documents, including without limitation any document effectuating any transfer or

8   conveyance of any purported titles, mortgages and/or other liens in the Properties to the Debtor,

9   the Participants or anyone else or any document required to accept, receive or transfer any funds

10  or proceeds therefrom.

11     60.    On information and belief, the actions of the Debtor and the Participants that are

12  alleged herein were done with the intent to permanently deprive Conservatee of his ownership,

13  title and interest in the Properties and to obtain such ownership, title and interest in the Properties

14  or the monetary value thereof for the Debtor's own use and benefit and/or that of the Participants

15  and/or others.  Such ownership, title and interest in the Properties or the monetary value thereof

16  were procured through fraud and forgery and as such are and were void and did not convey title or

17  any other interest.

## FIRST CLAIM FOR RELIEF

### (Quiet Title Against All Defendants)

20     61.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each

21  and every allegation of this Complaint.

22     62.    Plaintiffs seek to determine the interests in and to establish ownership of and quiet

23  title to the Properties in Conservatee's Estate and to obtain an order directing the transfer of the

24  Properties to the Conservatee's Estate and finding that the Participants, who are Defendants

25  ("Participant Defendants") are liable to the Conservatorship for damages and interest.  Each of the

26  purported claims of the Debtor and the Debtor's estate that are adverse to Conservatee in one or

27  more of the Properties constitutes a cloud on Conservatee's title and is without any right whatever,

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  and the Debtor's estate and the Defendants have no right, title, estate, lien, or interest whatever in

2  the Properties or any part thereof.

3       63.    Plaintiffs seek to quiet title and to establish ownership of the Properties in

4  Conservatee's Estate and to request an order directing transfer of the Properties to the

5  Conservatee's Estate as against the Debtor's estate and the Defendants as of the date that the

6  Petition was filed because Conservatee lacked the capacity to give informed consent with respect

7  to the transfers of the Properties from Conservatee or his company as a result of his diminished

8  capacity and inability to manage his property and affairs or to give informed consent with respect

9  thereto as a result of his Alzheimer's disease and dementia attendant thereto.

10       64.    The Properties, which are the subject of this action, are described in detail above in

11  the definition of the "Properties;" the title of Conservatee to the Properties is the fee simple

12  interest in each Property that was held by Conservatee directly or indirectly through a company,

13  which Conservatee wholly owned, and the basis of Conservatee's title to and interest in each

14  Property was through sale of each Property to the Debtor or his company or to a third person with

15  the Debtor's assistance; the adverse claims to the title of each of the Properties against which a

16  determination is sought are described in detail above; the date as of which the determination is

17  sought for each Property is the date the Petition was filed in the State Court Action because that is

18  the relevant date for application of any statute of limitations; and Plaintiffs in this Complaint make

19  a prayer for the determination of the title of Conservatee against the adverse claims for each of the

20  Properties.

21       65.    Unless title to the Properties is quieted in Conservatee and ownership of the

22  Properties is established in Conservatee's Estate, and the Debtor's estate and the other Defendants

23  are enjoined from asserting their purported adverse claims to Conservatee's property, the Debtor's

24  estate and the Defendants and others will continue to assert said claims and will cause irreparable

25  harm, damage and injuries in that the Properties will be subject to said claims.

26       66.    Conservatee has no clear, adequate or speedy remedy at law or otherwise for the

27  harm done and threatened to be done by the Debtor and the Defendants as alleged herein.

28  Conservatee cannot adequately be compensated for his injuries in an action at law.  The damages

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  that Conservatee will sustain as a result of the acts of the Debtor and the Defendants, as alleged

2  herein, are not susceptible to accurate calculation.

3      67.    As a direct and proximate result of the above-alleged conduct of the Debtor and the

4  Participants, Conservatee has suffered damages in an amount according to proof.

5  WHEREFORE Plaintiffs seek the following relief:

6      A.    A declaration that any purported interest in the Properties that is alleged to be that

7  of the Debtor's estate or the other Defendants was obtained by fraud and/or undue influence and

8  conveyed no title or other interest in any of the Properties to the Debtor's estate or the other

9  Defendants.

10     B.    An order quieting title and declaring that Conservator's Estate is established as and

11 in fact is the legal title holder to and the owner of the Properties and that the Debtor's estate and

12 the other Defendants have no right, claim or title therein.

13     C.    An order authorizing and directing the personal representative or other fiduciary, or

14 the person having title to or possession of each of the Properties, to execute a conveyance or

15 transfer to the Conservatorship and granting other appropriate relief pursuant to Probate Code

16 Section 856.

17     D.    A judgment in favor of Conservatee and the Conservatorship and against the

18 Participant Defendants for damages incurred by Conservatee and the Conservatorship to be proven

19 at trial including the value of the Properties, their costs and attorneys' fees for prosecuting an

20 action to recover the Properties, their attorneys' fees for prosecuting this Adversary Proceeding

21 and all such other relief that this Court deems reasonable and just.

22     E.    A judgment assessing double damages in favor of Conservatee and the

23 Conservatorship and against the Participant Defendants pursuant to California Probate Code

24 Section 859 for willfully, knowingly, and/or in bad faith wrongfully taking, concealing, or

25 disposing of property of Conservatee's estate.

26     F.    A declaration that none of the Properties are property of the Debtor's estate.

27

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## SECOND CLAIM FOR RELIEF

### (Fraud and Undue Influence Against the Participant Defendants)

68.     Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

69.     At all relevant times prior to and at the time the Debtor and the Participant Defendants gained control and purported title to the Properties as alleged herein, as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto, Conservatee lacked the mental capacity to manage his property and affairs or to give informed consent with respect thereto or to knowingly transfer or consent to the transfer of any of the Properties as described herein.

70.     At all relevant times, the Debtor was a trusted employee of Conservatee and also acted as caretaker to Conservatee, and Baker was a trusted relative of Conservatee and also acted as a caretaker to Conservatee.  The Debtor and Baker each held a position of trust with unfettered access to manage and control Conservatee's personal and financial affairs and business and personal books and records including without limitation records pertaining to the Properties despite Conservatee's lack of consent thereto.

71.     By virtue of each of the Debtor's and Baker's position of trust and Conservatee's lack of mental capacity to manage his property and affairs or to give informed consent with respect thereto as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto, the Debtor and Baker each owed a fiduciary duty to Conservatee with respect to management and protection of Conservatee's personal and business financial and other affairs including without limitation the Properties.

72.     The Debtor and Baker breached said duties to Conservatee by taking control of Conservatee's personal and business financial and other affairs including gaining control and purported title to the Properties as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee whose free will was overcome by fraud and the undue influence exerted over Conservatee by the Debtor and the Participants.

73.     The fraud and undue influence exerted over Conservatee by the Debtor and the Participants, on information and belief, consisted of the Debtor taking control of Conservatee's personal and business financial and other affairs including gaining control and purported title to the Properties as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee as follows:

a.     At the time the Debtor and the Participants obtained control and purported title to the Properties as alleged herein Conservatee was 72 years of age at the time and was suffering from, among other ailments, dementia, causing severe memory loss, incoherence, and an inability to manage his property and affairs. Conservatee was infirm and in a weak and diminished mental and physical condition.

b.     The Debtor assisted by Baker became the caretaker and self- designated decision maker for Conservatee for a period of not less than two years, prior, up to and including the time of the purported acquisition by the Debtor of the Properties.

c.     At all relevant times prior to and at the time the Debtor and Baker gained control over Conservatee's affairs, Conservatee reposed trust, confidence and reliance in the Debtor and Baker, and the Debtor and Baker exercised ostensible authority over the affairs and actions of Conservatee as well as a controlling influence over the mind and actions of Conservatee to such an extent that Conservatee involuntarily and/or without his knowledge and consent surrendered his free will to the Debtor and Baker.

d.     Taking advantage of his position of trust, confidence, knowledge and influence, along with the Conservatee's weakened and diminished mental and physical condition, diminished mental capacity and inability to manage his financial affairs and property, each of the Debtor and Baker controlled and dictated the terms of the purported acquisition by the Debtor and others of the Properties and caused documents purporting to effectuate such acquisitions to be executed. At all such times, Conservatee was wholly under the influence and control of the Debtor and Baker and none of the purported conveyances of title to Conservatee's Properties to the Debtor and others were free and voluntary acts of the Conservatee but were effectuated by the control and undue influence of the Debtor and Baker.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

e.    The signatures on documents purporting to effectuate the conveyances of the Properties to the Debtor and others are the result of forgery and are not the actual signature of Conservatee.  May of the documents used for such conveyances were notarized by P.J. Bowman, a notary, who acted in collusion with the Debtor.  Further most if not all the transactions were also handled by Southwest Escrow Corporation, an escrow company, which also acted in collusion with the Debtor and the Participants.

f.    Conservatee did not knowingly execute any documents with the intent to transfer any interest in the Properties to the Debtor or anyone else.

g.    Conservatee did not authorize the Debtor or anyone else to execute any documents on his behalf including any document effectuating any transfer or conveyance of any purported title in the Properties to the Debtor or anyone else or to accept, receive or transfer any funds or proceeds therefrom.

h.    The Debtor and Baker obtained or caused others to obtain purported title to the Properties and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in the Properties to others without any prior notice to or consent from Conservatee, who by virtue of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto could not and did not receive such notice or give such consent.

74.    The actions of the Debtor and the Participants as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Properties and to obtain such ownership, title and interest in the Properties or the monetary value thereof for the Debtor's own use and benefit and/or the use and benefit of others.

75.    As a direct result of the actions of the Debtor in fraudulently depriving Conservatee of his ownership, title and interest in the Properties as alleged herein, Conservatee has been divested and deprived of such ownership, title and interest and has incurred substantial damages including without limitation the loss of the Properties, loss of proceeds from the encumbrance or sale of the Properties, expenses for his care and medical treatment that would have otherwise been paid by Conservatee from the value and operation of the Properties, attorneys' fees in prosecuting

1 | an action to recover the Properties in the Conservatorship and attorneys' fees prosecuting this
2 | Adversary Proceeding.

3 |      76.     Conservatee has a claim to real property title to or possession of which is held by
4 | another pursuant to Probate Code § 850.

5 |      77.     Based on the foregoing, the Court should make an order authorizing and directing
6 | the personal representative or other fiduciary, or the person having title to or possession of the
7 | each of the Properties, to execute a conveyance or transfer to the person entitled thereto, or
8 | granting other appropriate relief pursuant to Probate Code § 856.

9 |      78.     The Debtor and the Participants have in bad faith wrongfully taken, concealed, or
10 | disposed of property belonging to Conservatee's Estate pursuant to Probate Code § 859.

11 |      WHEREFORE, Plaintiffs seek the following relief:

12 |      A.     A declaration that any purported interest in the Properties that is alleged to be that
13 | of the Debtor's estate or the other Defendants was obtained by fraud and/or undue influence and
14 | conveyed no title or other interest in any of the Properties to the Debtor's estate or the other
15 | Defendants.

16 |      B.     An order quieting title declaring that Conservator's Estate is in fact the legal title
17 | holder to and the owner of the Properties and that the Debtor's estate and the other Defendants
18 | have no right, claim or title therein.

19 |      C.     An order authorizing and directing the personal representative or other fiduciary, or
20 | the person having title to or possession of each of the Properties, to execute a conveyance or
21 | transfer to the Conservatorship and granting other appropriate relief pursuant to Probate Code
22 | Section 856.

23 |      D.     A judgment in favor of Conservatee and the Conservatorship and against the
24 | Participant Defendants for damages incurred by Conservatee and the Conservatorship to be proven
25 | at trial including the value of the Properties, their costs and attorneys' fees for prosecuting an
26 | action to recover the Properties, their attorneys' fees for prosecuting this Adversary Proceeding
27 | and all such other relief that this Court deems reasonable and just.

28 |

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

E.    A judgment assessing double damages in favor of Conservatee and the Conservatorship and against the Participant Defendants pursuant to California Probate Code Section 859 for willfully, knowingly, and/or in bad faith wrongfully taking, concealing, or disposing of property of Conservatee's estate.

F.    A declaration that none of the Properties are property of the Debtor's estate.

### THIRD CLAIM FOR RELIEF

**(Violation Of California Elder Abuse And Dependent
Adult Civil Protection Act Against the Participant Defendants)**

79.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

80.    The Debtor and the Participants obtained or caused others to obtain purported title to the Properties and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in the Properties to others without adequate or any consideration and without any prior notice to or consent from Conservatee who by virtue of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto could not and did not receive such notice or give such consent.

81.    The actions of the Debtor and the Participants as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Properties and to obtain such ownership, title and interest in the Properties or the monetary value thereof for the Debtor's and the Participants' own use and benefit and/or the use and benefit of others.

82.    In so acting the Debtor and the Participants violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of Conservatee by taking, hiding, appropriating and/or retaining and/or assisting in taking, hiding, appropriating and/or retaining the Properties and/or the proceeds therefrom.

83.    At all relevant times Conservatee was 65 years of age or older and/or a dependent adult.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

84.   The Debtor and the Participants took, hid, appropriated and/or retained and/or assisted in taking, hiding, appropriating and/or retaining the Properties for a wrongful use and purpose and with the intent to defraud.

85.   Conservatee was seriously and substantially harmed by the actions of the Debtor and the Participants as alleged herein in that as direct result thereof, Conservatee was deprived of his ownership, title and interest in the Properties and/or the monetary value and proceeds thereof for the Debtor's own use and benefit and/or that of others.

86.   The conduct of each of the Debtor and the Participants was a substantial factor in causing Conservatee's harm.

87.   At all relevant times, Conservatee had all right and title to the Properties and to have the Properties and the value and proceeds therefrom made readily available to him.

88.   At all relevant times, the Debtor and the Participants knew or should have known that Conservatee had these rights.

89.   The Participants engaged in financial abuse of Conservatee under Cal. Wel. & Inst. Code § 15610.30.  Each Participant (1) took, secreted, appropriated, obtained, or retained property of Conservatee, who was an elder or dependent adult at relevant time, for a wrongful use or with intent to defraud, or both; (2) assisted in taking, secreting, appropriating, obtaining, or retaining property of Conservatee, who was an elder or dependent adult at relevant time, for a wrongful use or with intent to defraud, or both; or (3) took, secreted, appropriated, obtained, or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining property of an elder or dependent adult by undue influence, as defined in Section 1575 of the Civil Code.

90.   Each of the Participants took, secreted, appropriated, obtained, or retained property of Conservatee, who was an elder or dependent adult at the relevant time, and each of the Participants knew or should have known that this conduct was likely to be harmful to Conservatee.

91.   Each of the Participants has been guilty of recklessness, oppression, fraud, or malice in the commission of the financial abuse of Conservatee, so the limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable do not apply.

92.    The Debtor and Baker breached an obligation to Conservatee that did not arise from contract and are guilty of oppression, fraud, or malice.  The Debtor and Baker engaged in conduct which was intended by each of them to cause injury to Conservatee or despicable conduct which was carried on by each of them with a willful and conscious disregard of the rights or safety of others.  The Debtor and Baker engaged in despicable conduct that subjected Conservatee to cruel and unjust hardship in conscious disregard of Conservatee's rights. The Debtor and Baker engaged in one or more intentional misrepresentations, deceit, or concealment of a material fact known to each of the Debtor and Baker with the intention on his part of thereby depriving Conservatee of property or legal rights or otherwise causing injury.

WHEREFORE Plaintiffs seek the following relief:

A.    A judgment in favor of Conservatee and the Conservatorship and against the Participant Defendants for the damages of Conservatee and the Conservatorship to be proven at trial including value of the Properties, costs and attorneys' fees for prosecuting an action to recover the Properties in the Conservatorship, attorneys' fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

B.    A judgment in favor of Conservatee and the Conservatorship and against the Participant Defendants assessing double damages against them and in favor of Conservator's Estate pursuant to California Probate Code Section 859 for willfully, knowingly, and in bad faith wrongfully taking of property of Conservatee's Estate.

C.    An order issuing an attachment for such damages pursuant to Section 15657.5 for financial abuse of Conservatee.

DATED: October 14, 2010                **Clarkson, Gore & Marsella, APLC**


By: <u>/s/ Scott C. Clarkson</u>
     Scott Clarkson
     Eve Marsella
     Attorneys for Plaintiff, Attorneys for Johnny Lee
     Burnett and Grover Burnett, Jr., as Co-Conservators
     of the Conservatorship of Grover Burnett, Sr.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  By his signature below, one of the Plaintiffs hereby verifies this Complaint and confirms that he
   has read this Complaint and knows the contents hereof and certifies that the contents are true of
2  his own knowledge except as to any matters which are stated upon information and belief, and
   those matters he believes to be true:

3

4  _____

5  Grover Burnett, Jr., as Co-Conservator of the
   Conservatorship of Grover Burnett, Sr.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California