**ENTERED**
OCT 18 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**FILED**
OCT 18 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: <br> Marcus J. Sampson and Grover Burnette, Jr. <br><br> Debtor(s). | Case No.   08-25932 PC <br><br> Chapter   7 <br><br> Adversary No.  10-02868 PC |
| Johnny L. Burnett <br> Grover Burnett Jr. <br><br> Plaintiff(s), <br><br> v. <br><br><br><br><br><br><br><br> John P. Pringle, SEE ATTACHMENT <br> FOR MORE DEFENDANTS.   Defendant(s). | **ORDER RE: RULE 26(f) MEETING, INITIAL DISCLOSURES, AND RULE 16(b) SCHEDULING CONFERENCE** <br><br> Date:  12/21/10 <br> Time:  9:30 a.m. <br> Place: United States Bankruptcy Court <br>    Courtroom # 1539 <br>    Roybal Federal Bldg. & Courthouse <br>    **255 East Temple Street** <br>    Los Angeles, CA 90012 |

1. **Service of Order.** A copy of this Order Re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint in lieu of the notice specified in LBR 7026-1(a)(1). The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **LBR 7026-1**. Compliance with LBR 7026-1 is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.** Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons. **The status conference set**

*Revised: August 15, 2008*

**forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone. During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); (c) discuss any issues about preserving discoverable information; and (d) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4.  **Initial Disclosures**. Rule 26(a)(1) states that a party must, without awaiting a discovery request, provide to other parties:

   a.  The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   b.  A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

   c.  A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   d.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P. 26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the

information then reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. F.R.Civ.P. 26(a)(1)(E).

5.      **Alternative Dispute Resolution ("ADR").** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the court may nonetheless direct the parties to ADR before trial.

6.      **Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss any issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.

7.      **Joint Status Report**. Not later than 7 days before the status conference/Rule 16(b) Scheduling Conference date set forth in the summons, the parties must file a Joint Status Report in a form substantively identical to LBR **Form F 7016-1.1.** The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.

8.      **Status Conference / Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling Conference, the court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines. The court seeks to try all adversary proceedings not later than 18 months of the filing of the complaint. Consequently, all deadlines in the schedule, including the

dispositive motion deadline, must be met within 12 to 14 months of the filing of the complaint to afford adequate time for briefing and ruling prior to the final pretrial conference and trial date.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

9.    **Default.**  If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk <u>prior</u> to the status conference date set forth in the summons.  F.R.Civ.P. 55(a).  Plaintiff may then request entry of a default judgment by filing and serving an appropriate motion.  F.R.Civ.P. 55(b)(2).  See All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 88-89 (9th Cir. BAP 2007) ("Our own precedents recognize that default judgments are the result of a two-step process – entry of default and then judgment by default – designed to assure that the plaintiff is entitled to the relief requested.").

10.    **Sanctions.**  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions.  The failure of either party to cooperate in the preparation and filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

SO ORDERED.

Dated: 10/18/2010

PETER H. CARROLL
United States Bankruptcy Judge

# In Re: Marcus J. Sampson II
# Case No. 2:08-bk-25932-PC

### Attachment to Summons and Notice of Status Conference Hearing

List of Defendants:

JOHN P. PRINGLE, the Chapter 7 Trustee of Marcus J. Samposon II;
THOMAS C. SAMPOSON, an individual;
DONNA R.DANIELS, an individual;
P.J. BROWN, an individual;
IDELIA G. RAMOS, an individual;
DAYSI VERA, an individual;
CECILIO RODARTE, an individual;
DATA MORTGAGE INC; U.S. BANCORPas successor to DOWNEY SAVINGS &
LOAN ASSOCIATION FA;
WORLD SAVINGS BANK FSB;
BURNETT REALTY, INC;
AURORA LOAN SERVICES, INC;
HOME LOAN MORTGAGE CORPORATION;
SUPERIOR IMPROVEMENT SYSTEMS, INC;
SOUTHWEST ESCROW CORPORATION;
WELLS FARGO BANK, N.A.;
CITIMORTGAGE, INC.